**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAFI YASIN-YUSEF, AKA Badale, AKA Keyse Mohamed Bedel, | No.    18-70704 |
| Petitioner, | Agency No. A209-164-448 |
| v. | MEMORANDUM* |
| MATTHEW G. WHITAKER, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Kafi Yasin-Yusef, a native and citizen of Somalia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Yasin-Yusef's implausible testimony regarding his Hungarian travel documents and inconsistences between his testimony and documentary evidence as to whether he had ever traveled to Hungary. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Wang v. Sessions*, 861 F.3d 1003, 1008 (9th Cir. 2017) (IJ may consider all relevant factors, including "the inherent plausibility" of the petitioner's account) (citation omitted)). Yasin-Yusef's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Yasin-Yusef's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Yasin-Yusef's CAT claim also fails because it is based on the same evidence the agency found not credible, and the record does not otherwise compel a finding that it is more likely than not that Yasin-Yusef would be tortured if returned to Somalia. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

We reject as moot Yasin-Yusef's request for a custody redetermination

18-70704

hearing.  Yasin-Yusef's requests for a stay of removal and appointment of counsel were addressed in the court's July 19, 2018 order (Docket Entry No. 11).

**PETITION FOR REVIEW DENIED.**